**SANDERS LAW GROUP**
Craig B. Sanders, Esq. (Cal Bar 284397)
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 122367

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Josiah Kamau,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>Justin Drew Bieber,<br><br>　　　　　Defendant. | Case No. 2:22-cv-02024-RSWL (SKx)<br><br>**UNOPPOSED MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES FOR AN ENLARGMENT OF TIME TO SERVE DEFENDANT AND FOR PERMISSION TO SERVE DEFENDANT BY WAY OF SUBSTITUTE SERVICE**<br><br>Judge: Hon. Ronald S.K. Lew |

//
//
//
//
//
//
//
//
//
//

UNOPPOSED MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES FOR PERMISSION TO SERVE DEFENDANT BY WAY OF SUBSTITUTE SERVICE

1    //

2    ## I.    INTRODUCTION

3    Plaintiff submits the instant motion for an Order extending the time for

4    Plaintiff to serve Defendant with process in this action, as well as to authorize service

5    by alternate means, such as by publication.

6    As will be set forth more fully herein, Plaintiff commenced this action by

7    filing a Complaint with this Court on March 28, 2022, and the Clerk issued the

8    requested Summons on the same date.  Pursuant to Fed. R. Civ. Pro. 4(m), service is

9    to be effectuated within 90 days of commencement, however, such time may be

10    extended by the Court for good cause shown.  Here, Plaintiff has diligently

11    undertaken efforts to serve Defendant with process, however, Defendant has used

12    his vast wealth and celebrity status to evade service of the Complaint.  As a result,

13    Plaintiff has expended resources and made significant efforts to identify any

14    alternate addresses for Defendant and/or to locate an agent authorized to accept

15    service. Unfortunately, the efforts to serve Defendant personally or through an agent

16    have proven to be unsuccessful thus far.

17    Insofar as Plaintiff has exercised the utmost diligence in attempting to serve

18    Defendant, Plaintiff respectfully requests that this Court enlarge the time for it to

19    effectuate service on Defendant and to authorize Plaintiff to use an alternate method

20    of service pursuant to Cal. Civ. Proc. Code § 413.30.

21

22    ## II.    BACKGROUND

23    ### A. PROCEDURAL HISTORY AND ATTEMPTS TO EFFECTUATE SERVICE

24

25    Plaintiff filed the instant Complaint on March 28, 2022. *Dkt. No.* 1.  The Clerk

26    of the Court issued the requested Summons on the same date. *Dkt. No.* 9.

27    Immediately thereafter, Plaintiff engaged the services of a Process Server who

28

UNOPPOSED MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES FOR PERMISSION TO
SERVE DEFENDANT BY WAY OF SUBSTITUTE SERVICE

1 attempted to effectuate service by delivery of the summons and Complaint to an

2 agent of Defendant, who regularly conducts legal business on Defendant's behalf.

3 More specifically, Plaintiff attempted to contact said agent who is listed on

4 Defendant's IMDB page (a copy of which is attached hereto as Exhibit "1") in an

5 effort to obtain a waiver of service. Plaintiff did not receive a response from the

6 attempted communications.

7       Insofar as Plaintiff's attempts to secure a waiver of service and avoid the time,

8 costs and expenses associated with serving a person Defendant's celebrity status

9 failed, Plaintiff was forced to engage the services of a process server in an attempt

10 to personally serve Defendant. Plaintiff conducted several searches through various

11 methods of search programs and other services, colloquially known as 'skip-tracing,'

12 to locate the current address of Defendant. The search provided no viable results as

13 any address that was found was either not a residential property or was a property

14 no longer owned by Defendant. Plaintiff also searched for addresses for Defendant's

15 wife, with whom the Defendant is known to cohabitate. Search results for

16 Defendant's spouse were similarly unsuccessful.

17       On April 11, 2022, having found no viable address at which service on the

18 Defendant could be attempted—let alone effectuated, Plaintiff attempted to serve

19 Defendant's long time Agent, Scooter Braun, at the address which he has listed for

20 his company, "SB Project." The process server attempted service at 1755 Broadway,

21 NY, NY where the process server was turned away by the concierge, who stated that

22 all the individuals in the office were working remotely due to the

23 lockdown/pandemic. (See Affidavit of Non Service Attached hereto as Exhibit "2").

24       Plaintiff now submits the instant unopposed motion seeking an enlargement

25 of time to serve Defendant and for leave to serve Defendant by alternate means.

26 **III.   ARGUMENT**

27       Fed R. Civ. P. 4(e)(1) authorizes service to be made by following the law of

28

1  the state where the District Court is located or where service is to be made. Section

2  413.30 of the California Code of Civil Procedure provides that, "where no provision

3  is made in this chapter or other law for the service of summons, the court in which

4  the action is pending may direct that summons be served in a manner which

5  reasonably calculated to give actual notice to the party to be served." Cal. Civ. Proc.

6  Code § 413.30 (West). Service via § 413.30 is authorized in lieu of accomplishing

7  service through Cal. Civ. Proc. Code § 413.20 referred to colloquially as "substitute

8  service."

9      In order to seek leave to effectuate service by substitute means, a plaintiff

10  must show that it exercised "reasonable diligence" in attempting to serve the

11  defendant. This burden is satisfied if "upon affidavit it appears ... that the party to

12  be served cannot with reasonable diligence be served in another manner specified in

13  this article." *Torrison v. Thompson*, 2013 WL 12205580, at *2 (C.D. Cal. Sept. 16,

14  2013) (citing Cal. Civ. Proc. Code § 415.50.)). In analyzing whether a plaintiff

15  exercised "reasonable diligence," the question is simply whether the plaintiff "took

16  those steps which a reasonable person who truly desired to give notice would have

17  taken under the circumstances." *Id.* (citing *Donel, Inc. v. Badalian*, 87 Cal. App. 3d

18  327, 333, 150 Cal. Rptr. 855, 858 (Ct. App. 1978)). More recently, this District has

19  held that, generally, "2-3 attempts at personal service per 415.10 are required before

20  substitute service is permitted." *Ross v. White*, 2018 WL 3583033 (C.D. Cal. July

21  24, 2018).

22      In this case, as was set forth above, Plaintiff made multiple attempts to locate

23  and serve the Defendant or his spouse or a known agent/attorney; Plaintiff cased

24  multiple online and skip trace searches to be conducted in an attempt to find a current

25  address for Defendant or his significant other with which he cohabitates. To date,

26  given the celebrity nature of the Defendant, finding his address is not something

27  readily available by any conventional or diligent means. To the contrary, persons of

28

1   Defendant's celebrity status often employ persons, staff or outside agencies whose

2   sole job is to ensure that even little snippets of information which would identify a

3   residence or regular place of business cannot be found on any publicly available

4   search tool.  Further, when a person of Defendant's celebrity status is in any publicly

5   accessible area, s/he is often accompanied by an entourage or bodyguards whose

6   sole purpose is to keep persons not known away from such celebrities.  Therefore,

7   despite all of the efforts which could reasonably be made, Plaintiff has been unable

8   to serve Defendant by any method authorized by the Federal Rules.  As a result,

9   Plaintiff now seeks the Court's permission to effectuate service pursuant to Cal. Civ.

10  Proc. Code § 413.30 by one of the following methods or another method the Court

11  deems proper:

12      1. Sending copies of the service documents to one or both of Defendant's current

13         talent representatives:

14             a. Creative Artists Agency, listed as Talent Agents who are located at

15                2000 Avenue of the Stars, Los Angeles, CA 90067

16             b. SB Projects, listed as Managert, who are located at 1755 Broadway,

17                New York, NY; and/or

18      2. Sending copies of the service documents to Defendant's current law firm,

19         Myman Greenspan Fox Rosenberg Mobasser Younger & Light located at

20         11601 Wilshire Blvd, Ste 2200, Lod Angeles, CA; and/or

21      3. Sending copies of the service documents via electronic direct message to

22         Defendant's Verified Instagram Account "@justinbieber", the location of the

23         Infringement, and a social media application that Defendant uses with great

24         frequency.

25         Alternative means of service are permissible pursuant to Rule 4(e)(1) and Cal.

26  Civ. Proc. Code § 413.30 when "plaintiffs' reasonable attempts to effect service via

27  expressly sanctioned techniques have failed." *Creative Intellects v. Haygood*, 2021

28

1    WL 3568237 (C.D. Cal. July 23, 2021). Importantly, each case is judged upon the

2    individual circumstances present to ascertain "whether a particular form of

3    alternative service is reasonably calculated to provide actual notice." *Id.* at \*3.

4        In addition, Courts in this District have recognized that service through email

5    and/or through social media, in conjunction with any other method is appropriate in

6    today's electronic world.   *See, e.g., Entrepreneur Media, Inc. v. Casey*, 2018 WL

7    6424515, at \*2 (C.D. Cal. Oct. 1, 2018) (collecting cases).  A party asking for service

8    through email or social media must usually show that the party to be served "cannot

9    with reasonable diligence be served in another manner." *Id.* at \*2. Frequency of the

10   use of a social media account is a factor that has been considered in the permissibility

11   of service via a social media account. *St. Francis Assisi v. Kuwait Fin. House*, 2016

12   WL 5725002, at \*2 (N.D. Cal. Sept. 30, 2016).

13       In the instant matter, Defendant's prevalent use of social media strongly

14   suggests that service by this method would provide Defendant with actual notice of

15   the action, to the extent that he is not already aware of same.  More specifically, a

16   number of news articles already been written about the instant law suit.

17       While Plaintiff verily believes the afore-requested methods to be the most

18   likely to result in notice to Defendant, should the Court deem otherwise, Plaintiff

19   requests permission to provide service by Publication pursuant to CCP § 415.50

20   whereby the "court shall order the summons to be published in a named newspaper,

21   published in this state, that is most likely to give actual notice to the party to be

22   served."   Respectfully, while this method is specifically statutorily authorized,

23   Plaintiff does not believe that this method is particularly likely to provide notice to

24   Defendant of the action and believes one of the alternative methods set forth above

25   to be more effective.  That said, Plaintiff would be amenable to permission to serve

26   via CCP § 415.50 should the Court feel otherwise.

27       In light of the foregoing, coupled with the actual difficulties encountered in

28

UNOPPOSED MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES FOR PERMISSION TO
SERVE DEFENDANT BY WAY OF SUBSTITUTE SERVICE

attempting to effectuate conventional service on Defendant to date, Plaintiff respectfully requests that the Court extend Plaintiff's time to effectuate service for (60) days and grant Plaintiff permission to effectuate service by alternate means.

## IV. CONCLUSION

For all the reasons set forth herein, it is respectfully submitted that the Court find that Plaintiff has shown good cause to extend the time to serve Defendant, and that service by alternate means be approved, together with such other further and different relief the Court deems just and proper.

DATED: June 27, 2022

**SANDERS LAW GROUP**

By: _/s/ Craig B. Sanders_
Craig B. Sanders, Esq. (Cal Bar 284397)
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 122367

_Attorneys for Plaintiff_

Case No. 2:22-cv-02024-RSWL-SK          - 7 -

UNOPPOSED MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES FOR PERMISSION TO SERVE DEFENDANT BY WAY OF SUBSTITUTE SERVICE